UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

TERRY DEAN WICKHAM, as personal )
representative of the Estate of )
Leslie Dean Wickham, )
 )
      Plaintiff. )
 )
v. ) Case No. 20-CV-0370-CVE-JFJ
 )
PAUL LEROY WICKHAM, )
JENNIFER LEANN MCCORMICK, and their )
unknown successors, and assigns, if any, )
 )
      Defendants. )

## OPINION AND ORDER

Before the Court is defendants'[1] notice of removal (Dkt. # 1). Defendant Jennifer Leann McCormick filed a "Notice of Removal Under 28 U.S.C. 1446 (B)," apparently asking this Court to hear a petition to quiet title filed on July 27, 2020, in Nowata County District Court. Dkt. # 1, at 3, 7. The notice of removal states:

> This case is a violation of our Constitutional Rights of Amendments 1, 2, 4, 5, 7, 11 and 14 and in the following cases:
>
>     20-CV-261-JED-FHM
>     20-CV-024-JED-JFJ
>     19-CV-110-TEK-FHM
>     18-5112 Tenth Circuit
>     18-CV-569-JED-FHM
>     19-CV-027-GKF-FHM
>     19-CV-119-JDK Tyler Texas
>     18-CV-449-JED-FHM
>     6-19-CV-241-JFK-KNM Tyler Texas

---

[1] The Court notes that the notice of removal was signed by defendant McCormick but not defendant Paul Wickham. However, the Court will assume that defendant Wickham also consents to removal of this action. See 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

Id. at 1. The notice does not contain any specific facts regarding the alleged constitutional violations, nor does it provide any indication as to the relevance of the cited cases. It appears that a copy of the notice of removal was never filed in the Nowata County court case and that plaintiff was not notified of the purported removal, which is evidenced by the fact that the case has continued to be prosecuted in Nowata County and a copy of the notice of removal does not appear on the OSCN docket. See The Application of Personal Representative, et al. Civil Miscellaneous, Case No. CV-2020-23, Nowata County, Oklahoma, filed July 28, 2020.[2] That also explains why plaintiff has not entered an appearance in this case nor moved for remand in over sixteen months since the notice of removal was filed in this Court.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine

---

[2] "Federal Rule of Evidence 201 authorizes court to take judicial notice of adjudicative facts at any stage of the proceedings, and in the absence of a request of a party." Zimomra v. Alamo Rent A Car, Inc., 111 F.3d 1495, 1503 (10th Cir. 1997). When taking judicial notice, federal courts may take notice of another court's publicly filed records concerning matters that bear directly upon the disposition of the case at hand. Hodgson v. Farmington City, 675 F. App'x 838, 841 (10th Cir. 2017).

whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

As a preliminary matter, the Court notes that defendants claim 28 U.S.C. § 1446 as the statutory basis for removal. That section merely provides the procedure for removal, not the grounds on which removal is proper, and defendants make no attempt to show that a state-law quiet title action is subject to removal. However, defendants are proceeding pro se, and the Court will construe their pleading broadly to determine if they have properly invoked the jurisdiction of this Court. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Even construing the notice broadly, the Court finds that removal is not proper in this case. Under 28 U.S.C. § 1441(a), a defendant may remove a case filed in state court to federal court when the case could have originally been brought in federal court. "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005). Where diversity jurisdiction does not exist, the question of removal turns on "whether the action arises under the Constitution or law of the United States." Oklahoma Nat. Gas Co. v. LaRue, 156 F.3d 1244 (10th Cir. 1998) (quoting Crow v. Wyoming Timber Prods. Co., 424 F.2d 93, 95 (10th Cir.1970)). An action arises under federal law only when a federally created right or immunity forms an essential element of the plaintiff's cause of action. Gully v. First Nat. Bank, 299 U.S. 109, 112-13 (1936).

Here, the petition names only three parties and alleges that all of the parties are citizens of Oklahoma. Dkt. # 1, at 3. The citizenship of the parties is not in dispute, and defendants' notice of removal indicates that they both reside in Nowata, Oklahoma. Dkt. # 1, at 1, 3. Consequently, diversity as the jurisdictional basis for removal immediately fails. Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1276 (N.D. Okla. 2006) ("It is axiomatic that complete diversity is required."). Additionally, because defendants are citizens of the forum state in which removal is sought, removal based on diversity jurisdiction is also barred under the forum defendant rule. 28 U.S.C. § 1441(b)(2).

The Court also reviewed whether removal is proper based upon federal question jurisdiction. Plaintiff Terry Wickham alleges that defendant Paul Wickham unlawfully coerced Leslie Dean Wickham into transferring property to Paul, which Paul then fraudulently conveyed to Jennifer McCormick. Dkt. # 1, at 5-6. Plaintiff further claims that defendant Wickham's unlawful conveyances were recorded with the Nowata County Clerk. Id. To that end, the petition requests that title be quieted in plaintiff's favor and that defendant Wickham be immediately enjoined from "alienating, concealing, or encumbering" the property in dispute. Id. at 7. The causes of action outlined in the petition are exclusively state-law claims and based upon disputes over probate property. Dkt. # 1, at 5. Thus, the Court lacks federal question jurisdiction. This is true even though defendants' notice of removal references the United States Constitution, as federal question jurisdiction must be evident on the face of the original complaint and cannot be based on an affirmative defense or anticipated objection. Gully, 299 U.S. at 113 (The federal question "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. . . . and will not avail as a basis of jurisdiction in so far as it . . . anticipates or replies to a probable defense.").

The Court notes that because defendants apparently never filed a copy of the notice of removal with the Nowata County District Court, the removal was never effected. See 28 U.S.C. § 1446(d) (filing copy of notice of removal in state court "shall effect the removal and the State court shall proceed no further unless and until the case is remanded"); Anthony v. Runyon, 76 F.3d 210, 214 (8th Cir. 1996) ("The only rule that logically follows from 28 U.S.C. § 1446(d) is that removal is effected when the notice of removal is filed with the state court and at no other time."). However, "[a] defect in subject matter jurisdiction can never be waived and may be raised at any time." Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1076-77 (10th Cir. 1999).

**IT IS THEREFORE ORDERED** that the Court dismisses the notice of removal sua sponte for lack of subject matter jurisdiction. Further, defendants' attempted notice of removal is of no effect on the Nowata County District Court's proceedings that have taken place since defendants' attempted removal.

**DATED** this 13th day of December, 2021.

*[Signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE